United States District Court
Southern District of Texas
**ENTERED**
June 30, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ROGELIO MORA-PATINO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 1:16-151** |
| | § | **Criminal No. 1:14-359-1** |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 27, 2016, Petitioner Rogelio Mora-Patino ("Mora-Patino") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** that Mora-Patino's motion be **DENIED** because his petition is factually and legally meritless on its face.

### I. Procedural and Factual Background

On May 15, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Mora-Patino for illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. §§1326(a) and 1326(b)(1). U.S. v. Mora-Patino, Criminal No. 1:14-359-1, Dkt. No. 5 (hereinafter "CR").

#### A. Rearraignment

On June 18, 2014, Mora-Patino appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 14. That same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Mora-Patino's guilty plea. Id.

#### B. Sentencing

In the final presentence report ("PSR"), Mora-Patino was assessed a base offense level of eight for unlawfully entering the United States. CR Dkt. No. 18, p. 4. Mora-Patino was

also assessed an additional sixteen-level enhancement, because he had a prior felony drug trafficking conviction – a 2010 federal conviction for possession with the intent to distribute marihuana - for which the sentence exceeded 13 months. Id.  Mora-Patino received a three-level reduction for acceptance of responsibility. Id, p. 5.  Thus, Mora-Patino was assessed a total offense level of 21.

Regarding his criminal history, Mora-Patino had seven adult criminal convictions and was assessed 8 criminal history points. CR Dkt. No. 18, p. 5-8.  Mora-Patino was assessed an additional two criminal history points because he was on supervised release, at the time that he committed the instant offense. Id., p. 9  This resulted in a criminal history category of V. Id.  Based upon Mora-Patino's offense level of 21 and criminal history category V, the presentence report identified a guideline sentencing range of 70 to 87 months of imprisonment. Id., p. 16.

On September 22, 2014, the District Court adopted the Magistrate Judge's report and recommendation, accepting Mora-Patino's guilty plea. CR Dkt. No. 23.  That same day, the District Court sentenced Mora-Patino to 70 months of imprisonment, 3 years of supervised release and a $100 special assessment, which was remitted. CR Dkt. No. 30.  The judgment was entered on November 3, 2014. Id.

### C. Direct Appeal

Mora-Patino timely filed a notice of appeal. CR Dkt. No. 25.  On appeal, Mora-Patino asserted that his prior conviction for possession with intent to distribute should not have been the basis for a 16-level enhancement for drug trafficking.  Mora-Patino asserted that proof that he was to be paid or that he engaged in some sort of commercial activity regarding the controlled substance, was a required element of a drug trafficking conviction. CR Dkt. No. 38.

On October 22, 2015, the Fifth Circuit affirmed Mora-Patino's conviction. CR Dkt. No. 38.  Mora-Patino filed a petition for writ of certiorari with the Supreme Court.  On January 11, 2016, the Supreme Court denied the petition. Lagos-Maradiaga v. U.S., 136 S. Ct. 860, 193 L. Ed. 2d 758 (2016) (identifying petitions from the Fifth Circuit denied on

2

January 11, 2016).  Mora-Patino's conviction became final on that date.  <u>U.S. v. Thomas</u>, 203 F.3d 350, 356 (5th Cir. 2000).

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 27, 2016, Mora-Patino timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In his motion, Mora-Patino asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in <u>Johnson v. U.S.,</u> 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 5.  It appears that he is also raising a claim that his attorney was ineffective because "the process was not explained" to him. <u>Id</u>, pp. 4-7.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Mora-Patino seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he stands fairly convicted. <u>U.S. v. Frady</u>, 456 U.S. 152, 164 (1982); <u>U.S. v. Willis</u>, F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction can do so on constitutional or jurisdictional grounds, or by collateral attack. 28 U.S.C. § 2255(a); <u>U.S. v. Shaid</u>, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that

the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

### B. Ineffective Assistance of Counsel

"The Sixth Amendment right of criminal defendants to the assistance of counsel includes the right to the effective assistance of counsel." Loden v. McCarty, 778 F.3d 484, 494 (5th Cir. 2015). To succeed on a claim of ineffective assistance of counsel, the petitioner must prove: (1) defense counsel was objectively deficient; and, (2) defense counsel's errors prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Regarding the first prong of the Strickland test, the petitioner must show that defense counsel's representation "fell below an objective standard of reasonableness." Id. at 688. This standard is highly deferential and carries "a strong presumption that the decisions of counsel fall within a wide range of professional assistance." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

As to the second prong of the Strickland test, the petitioner must show a "reasonable probability" that, but for the trial counsel's errors, he would have served less time in jail. U.S. v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004); Glover v. U.S., 531 U.S. 198, 203 (2001) ("any amount of jail time has Sixth Amendment significance").

If a petitioner fails to prove either prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Mora-Patino's claim, the Court is required to construe allegations by pro

4

se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Mora-Patino's claim.

### A.  Johnson is Inapplicable

Mora-Patino asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551(2015). In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA imposes a 15-year mandatory minimum term of imprisonment upon anyone who violates § 922(g), having three or more earlier convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just quoted and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Mora-Patino, none of it applies to his case. Mora-Patino was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted for violating 8 U.S.C. §§1326(a) and 1326(b)(1). CR Dkt. No. 5. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 18. Therefore, regardless of its retroactive application, the holding in Johnson does not provide Mora-Patino with a vehicle to relief.

## B.  Gonzalez-Longoria Affords No Relief

Mora-Patino makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as defined by 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defined a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016).  There, the panel held the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is unconstitutionally vague because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235.  Any relief that Mora-Patino may have found in that decision was short-lived; the panel opinion was withdrawn and Gonzalez-Longoria is pending consideration  en banc.[1]

"It is well settled that when the Fifth Circuit grants rehearing en banc, the panel opinion is vacated and has no precedential value." Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. WL 1867292 (N.D. Tex. 2005); see also 5th Cir. R. 41.3.  When a court decision is vacated, its "ruling and guidance" are "erased." See U.S. v. Windsor, 133 S. Ct. 2675, 2688 (2013); U.S. ex. rel. Marcy v. Rowan Co., 520 F.3d 384, 389 (5th Cir. 2008). Since the Fifth Circuit has granted rehearing en banc for Gonzalez-Longoria, it is of no precedential value whatsoever.

Moreover, even if the pending Fifth Circuit en banc decision upholds the panel decision of Gonzalez-Longoria, it has no effect in the instant petition, because Mora-Patino's

---

[1] 813 F.3d 225 (5th Cir. 2016), reh'g en banc ordered, 815 F.3d 189 (discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague).

sentence was not enhanced for a "crime of violence" under 8 U.S.C. §1101(a)(43)(F) or 18 U.S.C. § 16(b). <u>See</u> CR Dkt. No. 18, p. 5. Instead, he received an "enhanced" sentence as a result of his prior conviction for committing a "drug trafficking offense," not a "crime of violence." The two are substantively different and the analysis in <u>Johnson</u> is not applicable to Mora-Patino's case.

An examination of Mora-Patino's sentence clearly shows that there was no error. Pursuant to U.S.S.G. §§ 2L1.2(b)(1)(A)(i), a sixteen level enhancement was added to Mora-Patino's offense level, because he had a prior drug trafficking conviction, with a sentence of longer than 13 months. This enhancement is not defined by reference to a vague residual "crime of violence" provision.

Instead, as relevant here, the "a drug trafficking offense" is expressly defined in the Sentencing Guidelines as

> "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

<u>U.S. v. Martinez-Lugo</u>, 782 F.3d 198, 202 (5th Cir.), <u>cert.</u> <u>denied</u>, 136 S. Ct. 533, 193 L. Ed. 2d 426 (2015) (citing Application Note to U.S.S.G. §2L1.2(b)(1)(A)(I)).

Moreover, the level of enhancement is also expressly set forth in the guidelines and is express in terms of which enhancement applies. U.S.S.G. §§ 2L1.2(b)(1)(A)(i)(identifying the level of enhancement depending upon the sentence and the application of criminal history points). Thus, this provision – which expressly defines what constitutes a drug trafficking offense – does not contain, or incorporate, any phrases or clauses resembling those "catch-all" or vague terms considered unconstitutional in <u>Johnson</u> or even temporarily <u>Gonzalez-Longoria.</u>

Thus, Mora-Patino's reliance on <u>Johnson</u> and its progeny is factually and legally misplaced. For those reasons, his claim is meritless and should be denied.

### C. Ineffective Assistance

Mora-Patino seems to assert that his counsel was ineffective for failing to "explain the process" to him. Dkt. No. 1, pp. 4-7.  While this conclusion is not clear, for purposes of the present discussion, it will be considered as raising a question of whether counsel provided effective assistance during the appellate process.

"A criminal defendant has a Sixth Amendment right to the effective assistance of counsel on direct appeal." Loden v. McCarty, 778 F.3d 484, 501 (5th Cir. 2015).  The fact that such assistance is required does not end the inquiry.  Instead, the burden falls to Mora-Patino to point to evidence supporting his claim.  "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971)).  In short, conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

Mora-Patino provides no evidentiary basis to support this claim.  In fact, beyond the mere generalized allegation, Mora-Patino has failed to identify what aspects of the "process" were not explained to him or how that purported failure impacted his case.  This is a conclusory claim; with no support in the record – and none offered by Mora-Patino – and should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Rogelio Mora-Patino's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336

(2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Mora-Patino's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Mora-Patino's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 30, 2016.

Ronald G. Morgan
United States Magistrate Judge